IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZY FISK and TIMOTHY SMITH,<br><br>    Plaintiffs,<br><br>  v.<br><br>LEHMAN BROTHERS, INC.,<br><br>    Defendant | No. C-05-0266 MMC<br><br>**ORDER GRANTING DEFENDANT'S PETITION FOR ORDER TO COMPEL ARBITRATION AND MOTION TO STAY PROCEEDINGS; VACATING HEARING** |

    Before the Court is defendant Lehman Brothers, Inc.'s petition for an order to compel arbitration, pursuant to 9 U.S.C. § 4, and motion to stay proceedings pending arbitration, pursuant to 9 U.S.C. § 3. Plaintiffs Suzy Fisk and Timothy Smith have filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the petition and motion, the Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for May 27, 2005, and rules as follows:

    1. Contrary to plaintiffs' arguments, the arbitration agreements are not unenforceable under the doctrine of unconscionability.[1]

---

[1] Defendant concedes the agreements are procedurally unconscionable, because plaintiffs were required to sign the agreements as conditions of employment. (See Def.'s Reply, filed May 6, 2005, at 4:26.) However, "[i]n order to render a contract unenforceable under the doctrine of unconscionability, there must be both a procedural and substantive element of unconscionability." See Ferguson v. Countrywide Credit Indus., Inc., 298 F. 3d 778, 783 (9th Cir. 2002). For the reasons discussed infra, plaintiffs have not demonstrated the substantive element of unconscionability.

a. The refusal of the National Association of Securities Dealers ("NASD") and the New York Stock Exchange ("NYSE") to set an arbitration hearing in California unless plaintiffs waive application of the California Ethics Standards is not unconscionable, because the California Ethics Standards are, as applied to the NASD and NYSE, preempted by federal law and "without effect." See Credit Suisse First Boston Corp. v. Grunwald, 400 F. 3d 1119, 1137 (9th Cir. 2005) (holding employee of securities firm "never had a right to have his arbitration conducted pursuant to the California Ethics Standards").

b. Although the arbitration agreements require plaintiffs to pay certain fees plaintiffs would not have to pay in state or federal court, defendant has offered to pay such fees, (see Willson Decl., filed April 15, 2005, Ex. 4), thus mooting the issue. Moreover, the provisions requiring plaintiffs to pay such fees are severable. See McManus v. CIBC World Markets Corp., 109 Cal. App. 4th 76, 102 (2003) (holding provision requiring plaintiff to pay costs plaintiff would not have to pay in a court proceeding unconscionable, but severable; enforcing agreement without such provision).

c. The agreements are not unconscionable on the ground plaintiffs lack the ability to compel a third party residing outside California to appear. Arbitrators have the ability to summon "any person" to appear before them. See 9 U.S.C. § 7. If a person residing outside California refuses to comply, plaintiffs may avail themselves of the procedures under Rule 45(a)(3)(B) of the Federal Rules of Civil Procedure to obtain a court order requiring compliance. See, e.g., Amgen, Inc. v. Kidney Center of Delaware County, Ltd., 879 F. Supp. 878, 883 (E.D. Ill. 1995) (holding where third party in Pennsylvania refused to comply with subpoena issued by Illinois arbitrator, plaintiff could obtain compliance by issuing subpoena on behalf of district court in Pennsylvania pursuant to Rule 45(a)(3)(B) and seeking order enforcing subpoena from Pennsylvania district court).[2]

---

[2] Plaintiffs argue that "limitations" set by the NASD and NYSE on "traditional discovery" render the agreements unconscionable. (See Pls.' Opp. at 8:19-21.) Because plaintiffs fail to identify any additional discovery "limitations" that, alone or taken together, may render the agreements unconscionable, the Court does not further consider the issue. The Court notes, however, that federal and state courts have concluded that discovery procedures under NASD and/or NYSE are not unconscionable. See McManus, 109 Cal.

2. Because, as discussed above, plaintiffs' claims are referable to arbitration and plaintiffs have not shown the agreements are unenforceable on grounds of unconscionability, defendant is entitled to a stay of proceedings until the arbitration proceedings have been conducted.  See 9 U.S.C. § 3.

**CONCLUSION**

For the reasons stated above:

1. Defendant's petition to compel arbitration is hereby GRANTED.

2. Defendant's motion to stay the instant proceeding is hereby GRANTED.

3. The parties shall file, no later than November 21, 2005, and every six months thereafter, a joint report apprising the Court of the status of the arbitral proceedings.

**IT IS SO ORDERED.**

Dated: May 20, 2005                                 /s/ Maxine M. Chesney
                                                    MAXINE M. CHESNEY
                                                    United States District Judge

---

App. 4th at 97-99 ("There are extensive discovery procedures under NASD and NYSE providing for document production, information exchanges, and supoenas."); Irwin v. UBS Painewebber, Inc., 324 F. Supp. 2d 1103, 1109 (C.D. Cal. 2004) (rejecting argument arbitration agreement unconscionable on ground NASD procedures do not provide for sufficient discovery).

3